IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVERYTHING PARKING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:10-CV-764-WKW |
| ) | |
| HOUSTON ECONOMIC ) | |
| DEVELOPMENT ASSOCIATION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment (Doc. # 26), which is construed as a motion for the court to enter default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The motion is accompanied by an evidentiary submission. (Exs. to Doc. # 26.) For the reasons to follow, the motion is due to be granted in part and denied in part.

### I. JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1332(a), and there are sufficient allegations to support the exercise of personal jurisdiction and venue.

### II. BACKGROUND

The following facts are taken from the Amended Complaint. Plaintiff Everything Parking, Inc. ("Park"), a North Carolina corporation with its principal place of business in that state, is in the business of providing shuttle and valet services for companies, restaurants

and clubs.  (Am. Compl. ¶¶ 1, 6.)  Defendant Houston Economic Development Association ("HEDA") is a nonprofit corporation incorporated in Alabama, with its "principal place of business, headquarters and nerve center . . . located in Houston County, Alabama."  (Am. Compl. ¶ 2.)  Defendant Country Crossing Project, LLC ("Country Crossing") is a domestic limited liability company incorporated in Alabama, with its principal address in Coffee County, Alabama.  (Am. Compl. ¶ 3.)  Country Crossing is known for its closed "casino" by the same name and located in Houston County, Alabama.  (Am. Compl. ¶¶ 5, 10 n.3.)  As to the relationship between HEDA and Country Crossing, it is alleged that "HEDA maintains no business except through Country Crossing," that "HEDA was inadequately capitalized at the time of its creation," that "Country Crossing pays its expenses," and that "HEDA acts in the interests of Country Crossing."  (Am. Compl. ¶ 28.)

Park seeks damages from HEDA for breach of contract and from Country Crossing based upon the theory of *quantum meruit*.  Pursuant to two contracts entered into between HEDA and Park on December 1, 2009, Park agreed to provide shuttle and valet parking services for employees and patrons of Country Crossing's casino.  (Am. Compl. ¶ 6.)  These services "were for the direct benefit of" and "knowingly accepted" by Country Crossing.  (Am. Compl. ¶ 32.)

The shuttle and valet parking services contracts were for one year and three years, respectively, with automatic renewal and termination provisions.  (Am. Compl. ¶ 8 & n.1;

Contracts (Exs. A & B to Brian Haupricht's Aff. (Doc. # 26)).) The contracts also contained default provisions:

> In the event that either party is in default with respect to any of the provisions of this Agreement, the non-defaulting party shall have the right to terminate this Agreement effective on the date seven (7) days after the date of notice to the defaulting party by the non-defaulting party of the non-defaulting party's intention to so terminate if such default is not cured to the non-defaulting party's satisfaction within said seven (7) day period. In the event of any such termination, then non-defaulting party shall be entitled (i) to pursue such remedies as are available to it in law or in equity and (ii) to recover from the defaulting party reasonable costs and attorneys' fees incurred by the non-defaulting party in conjunction with the same, if such non-defaulting party is the prevailing party in any litigation.

(Contracts, Default, ¶ 10.)

Park provided services pursuant to both contracts, beginning in December 2009. Those services ended midsummer 2010 "due to statewide dispute over legality of certain gambling devices." (Am. Compl. ¶ 5 n.3; *see generally* Haupricht's Aff.) As required under the contracts, by letter dated June 8, 2010, Park provided HEDA with notice of default on both contracts for failure of HEDA to pay invoices and notified HEDA of its intention to terminate the contracts if HEDA failed to pay the overdue balances within seven days. (Am. Compl. ¶ 11; Letter (Ex. M to Haupricht's Aff.).) HEDA has not made any attempts to cure the default (Am. Compl. ¶ 12), and Park has pinpointed the date of termination as June 15, 2010. (*See, e.g.*, Haupricht's Aff. ¶¶ 5, 7.)

Park filed this action on September 10, 2010, against HEDA, alleging a single count for breach of contract. (Compl. (Doc. # 1).) On September 15, 2010, HEDA was served

with a copy of the summons and complaint by certified mail, return receipt requested. (Summons (Doc. # 2); Return Receipt Cards (Docs. # 5, 6).) Through retained counsel, HEDA moved for and was granted a motion for extension of time to file an answer. (Mot. (Doc. # 7); Order (Doc. # 10).) No answer was filed by the extension date or thereafter.

On October 29, 2010, Park moved to amend the complaint to add a claim of *quantum meruit* against a new defendant, Country Crossing. (Mot. to Amend (Doc. # 12).) That motion was granted, and an Amended Complaint was filed. (Order (Doc. # 13); Am. Compl. (Doc. # 14).) Country Crossing was served by certified mail, return receipt requested. (Summons (Doc. # 15); Return Receipt Card (Doc. # 16).) HEDA, having already appeared through counsel, was served electronically through CM/ECF's Notice of Electronic Filing. (Not. of Electronic Filing (Doc. # 16).)

On February 28, 2011, counsel for HEDA moved to withdraw. (Mot. Withdraw (Doc. # 20).) That motion was granted, leaving HEDA unrepresented by counsel. (Order (Doc. # 21).) To date, HEDA has not answered or otherwise responded to the Complaint or the Amended Complaint. Country Crossing also has not answered or otherwise responded to the Amended Complaint.

On March 3, 2011, Park filed a motion for entry of default against both Defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. # 22.) Having obtained an entry of default from the clerk, *see* Fed. R. Civ. P. 55(a), Park now seeks a default judgment against HEDA and Country Crossing in the amount of $181,266.44 as

4

compensatory damages and $10,437.68 in costs and attorneys' fees, plus post-judgment interest until satisfaction of the judgment. *See* Fed. R. Civ. P. 55(a) & (b)(2). The motion was served on Defendants' agents by United States mail. (Mot. Default J. (Doc. # 26).)

### III. STANDARD OF REVIEW

The procedure for obtaining default judgment is outlined in Rule 55 of the Federal Rules of Civil Procedure. Rule 55 requires an entry of default to precede the entry of a default judgment. *See* Fed. R. Civ. P. 55(a), (b). After the entry of default by the clerk, where the damages are not for a "sum certain," the plaintiff is required to "apply to the court" for an entry of default judgment, pursuant to Rule 55(b)(2). That rule provides:

> If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

Upon the entry of default judgment, the complaint's well pleaded allegations, but not those pertaining to the amount of damages, are taken as true the same as if they had been proven by evidence. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] And a defendant cannot later seek to contradict those allegations. *See id*.

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *See* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

## IV. DISCUSSION

The record in this case establishes that Park effected service of process on HEDA and Country Crossing, that Defendants failed to answer or otherwise defend this lawsuit within the required time, and that the clerk entered HEDA's and Country Crossing's default. *See* Fed. R. Civ. P. 55(a). Having carefully reviewed the Amended Complaint, the court concludes that the well pleaded allegations demonstrate a "sufficient basis" under Alabama law[2] to support the claims that HEDA breached the contracts at issue and that Country Crossing is liable under a theory of *quantum meruit*. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. The allegations demonstrate that there were valid contracts between Park and HEDA for the provision of shuttle and valet parking services at the Country Crossing casino, that Park provided services under the contracts, but that HEDA did not pay for those services, resulting in damage to Park. *See Barrett v. Radjabi-Mougadam*, 39 So. 3d 95, 98 (Ala. 2009) (setting forth elements of breach of contract under Alabama law). Additionally, the allegations establish that Country Crossing, while not a party to those contracts, knowingly accepted beneficial shuttle and valet parking services from Park at its casino. *See Carroll v. LJC Def. Contracting, Inc.*, 24 So. 3d 448, 458-59 (Ala. Civ. App. 2009) (discussing Alabama's law on *quantum meruit*). The court, therefore, treats the Amended Complaint's allegations of liability as true and admitted by HEDA and Country Crossing.

---

[2] Each contract contains an Alabama choice-of-law provision. (Am. Compl. ¶ 9; Contracts ¶ 14.)

Furthermore, on the issue of damages, the court finds that "all essential evidence is already of record," *Sec. Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005), and that a hearing is not required. *See* Fed. R. Civ. P. 55(b)(2). The following is what HEDA owes Park under the contracts, as proven by the evidence. First, there are unpaid invoices totaling $108,402.09. (Am. Compl. ¶ 13; Invoices (Exs. C-J to Haupricht's Aff.).) Second, HEDA is contractually bound to purchase four mini-buses and the automated valet parking manager system, at their book value on the date of termination of the contracts. Park partially mitigated its damages by selling three of the mini-buses, resulting in a balance due and liability of $55,659.67. (Haupricht's Aff. ¶¶ 5-9.) Third, Park was unable to sell the automated valet parking manager system. The book value of the system on the date of termination was $17,204.68, thus increasing HEDA's liabilities by that amount. (Haupricht's Aff. ¶ 10.) In total, the damages sought by Park are $181,266.44. Having considered this evidence, the court finds that Park has proven that it is entitled to recover damages from HEDA in the amount of $181,266.44 for breach of contract and damages for the same amount from Country Crossing pursuant to *quantum meruit*. Liability is joint and several.

Pursuant to the contracts' default provisions, Park also requests costs ($804.18) and attorneys' fees ($9,633.50). (Contracts ¶ 10; Alfred H. Perkins Jr.'s Aff. (Ex. 2 to Doc. # 26); Am. Compl. ¶ 17.) While Park has submitted an affidavit detailing the rates charged for legal work on this case and the total amount of attorneys' fees requested, there are no attestations or other evidence detailing the number of hours expended and the tasks

7

performed. There also is no breakdown of the costs, just a final numerical tally. As to the hours expended and costs, the affidavit is too conclusory to permit a meaningful review of whether the requested costs and fees were necessarily incurred and are reasonable in amount. *See Spafford v. Crescent Credit Corp.*, 497 So. 2d 160, 163 (Ala. Civ. App. 1986) ("[T]he better practice would be for the trial court to require . . . evidence regarding the reasonableness of an attorney's fee requested in any case.").

## V. CONCLUSION

Based on the foregoing, it is ORDERED that Park's motion for default judgment (Doc. # 26) is GRANTED, and that Defendants are jointly and severally liable to Park for damages in the amount of $181,266.44.

It is further ORDERED that Park's motion for default judgment (Doc. # 26) is DENIED without prejudice as to attorneys' fees and costs, with leave to refile with appropriate proof by **June 17, 2011**.[3]

DONE this 7th day of June, 2011.

                                                  /s/ W. Keith Watkins
                                           CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Final judgment against Defendants will be withheld until the issue of costs and attorneys fees is resolved.